[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Victoria Associates, has commenced this action against the defendant seeking damages for unjust enrichment.
The plaintiff is a real estate partnership which was the developer and owner of units of a residential condominium in 1993. The development was known as Village Victoria which is located in Guilford, Connecticut. On May 16, 1994 the plaintiff purchased Unit 8, also known as 8 Village CT Page 8732 Victoria Drive from the plaintiff. The sale terms were set forth in the real estate contract. At the closing the real estate taxes on the grand list of October 1, 1992 were payable on July 1, 1993, and January 1, 1994. The plaintiff had paid the taxes for Unit 8 in the amount of $3,616.69 which related to the tax year of July 1, 1993 to June 30, 1994. The defendant was required at the closing to reimburse the plaintiff for taxes of $432.25 from the date of closing until June 30, 1994.
The taxes on the grand list of October 1, 1993 became due and payable July 1, 1994 and January 1, 1995. After the closing on May 16, 1993, the plaintiff received a bulk tax bill which included taxes on the unit purchased by the plaintiff. The Tax Collector for the town did not exclude the unit purchased on May 16, 1993. The plaintiff paid the bulk tax bill which then relieved the plaintiff of the obligation to pay her taxes for the tax year July 1, 1994, to June 30, 1995. The plaintiff then sought repayment of the taxes for that year under the theory of unjust enrichment from the defendant.
The defendant claims that at the closing a tax escrow was established for payment of her taxes to the mortgagee in the amount of $408.66 per month, and her mortgage company had the responsibility to pay her taxes. She also contends the Tax Collector of Guilford erroneously billed the plaintiff, and therefore she is not legally obligated to reimburse the plaintiff. A further claim of the defendant is that the plaintiff has unclean hands and as a result it is not entitled to equitable relief. Another claim of the defendant is that she would be denied an income tax deduction if she reimburses the plaintiff, and therefore the plaintiff should seek relief from the Town rather than seeking recovery from the defendant.
This court finds the taxes due on the unit owned by the plaintiff on the grand list of October 1, 1993 were $3,616.69 which the defendant was legally liable to pay to the Town of Guilford. That sum was erroneously paid by the plaintiff as part of the bulk tax bill received by the plaintiff. The Tax Collector of the Town of Guilford only received one payment from the plaintiff for the taxes due from the defendant. If the mortgagee of the plaintiff failed to pay the taxes for that tax year, then that sum would remain as an asset within the escrow maintained by the mortgagee. The defendant was unjustly enriched by the payment of her taxes by the plaintiff.
This court concludes there is no merit to the defenses claimed by the defendant. The plaintiff was not entitled to seek a refund from the Town pursuant to § 12-129 of the Connecticut General Statutes because the Tax Collector was only paid once for the taxes due on the property. CT Page 8733 Furthermore, the plaintiff is entitled to seek equitable relief for unjust enrichment because of the benefit attained by the defendant.Hartford Whalers Hockey Club v. Uniroyal Goodrich, 231 Conn. 276, 282.
The unclean hands claim of the defendant is also without merit and the defendant has failed to sustain the burden of proving that defense has any application to this case.
For the foregoing reasons judgment shall enter for the plaintiff for $3,616.69 plus costs and interest.
 Howard F. Zoarski Judge Trial Referee